

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

## No. 07-24-00413-CR

___

### JAMES LEWIS MCGRUDER, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6939, Counts I, II, III, IV & V; Honorable Ron Enns, Presiding

___

## July 28, 2025

## ABATE AND REMAND

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, James Lewis McGruder, appeals his convictions for assault,[1] three counts of burglary,[2] and aggravated assault.[3]  We previously remanded this cause to determine whether the court reporter failed to transcribe multiple bench conferences held during trial.  On remand, the trial court found that although Appellant had properly

___

[1] See TEX. PENAL CODE ANN. § 22.01.

[2] See TEX. PENAL CODE ANN. § 30.02.

[3] See TEX. PENAL CODE ANN. § 22.02.

requested the reporter to record the bench conferences, the reporter's record incorrectly indicated that the conferences were held "off the record." Consequently, the trial court ordered the reporter to file a supplemental reporter's record that included the missing transcriptions. A supplemental reporter's record was later filed, but it reflected that several bench conferences were "inaudible."

Now pending before the Court is Appellant's "Agreed Motion to Abate and Remand to Supplement Inaudible Portions of Supplemental Reporter's Record." In the unopposed motion, Appellant requests that we again remand the cause so the trial court can determine whether the "inaudible" portions of the record can be replaced by agreement of the parties pursuant to Rule of Appellate Procedure 34.6.

We grant Appellant's motion, abate the appeal, and remand the cause to the trial court for further proceedings. On remand, the trial court shall determine the following:

(1)     whether, without Appellant's fault, a significant portion of the court reporter's notes and records have been lost or destroyed or whether a significant portion of the electronic recording is inaudible;

(2)     whether the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and

(3)     whether the lost, destroyed, or inaudible portion of the reporter's record can be replaced by agreement of the parties.

See TEX. R. APP. P. 34.6(f).

The trial court shall conduct any hearings it deems necessary to address the aforementioned questions and afford the parties reasonable notice of same. If any such hearing is conducted, the trial court shall cause it to be recorded, transcribed, and filed with the clerk of this court by September 2, 2025. So too shall the trial court issue written findings of fact and conclusions of law addressing each

2

of the foregoing questions.  If the trial court determines that the lost, destroyed, or inaudible portion of the record can be replaced by agreement of the parties, the replaced portions shall be included in findings of the court.  All findings shall be included in a supplemental clerk's record filed with the clerk of this court by September 2, 2025.  Should the trial court need an extension of the September 2nd deadline, in must request one from the court on or before September 2, 2025

All appellate deadlines, including the present deadline to file Appellant's brief, are hereby suspended pending further order of this court.

It is so ordered.

Per Curiam

Do not publish.

3